**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**MARCUS P. CHAPPLE**                                                         **PLAINTIFF**

**V.**                              **CASE NO. 4:18-CV-68-BSM-BD**

**TIM RYALS, et al.**                                                         **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.    Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Parties may file written objections to this Recommendation, which should be specific and should include the factual or legal basis for the objection. To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties risk waiving the right to appeal questions of fact.

### II.    Discussion

A.  Background

On January 26, 2018, Plaintiff Marcus Chapple, formerly an inmate at the Faulkner County Detention Center, filed this 42 U.S.C. § 1983 lawsuit without the help of a lawyer. (Docket entry #1) In his brief in support of his complaint, Mr. Chapple alleged that the conditions of his confinement at the Detention Center were

unconstitutional and that Defendants acted with deliberate indifference to his serious mental and physical health needs.

Defendants have now moved for summary judgment, arguing that he failed to fully exhaust his administrative remedies before filing this lawsuit. (#16) Mr. Chapple has responded to the motion (#21), and it is ripe for review.

B.  Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements may vary from prison to prison because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91.

In support of their motion, Defendants attach Mr. Chapple's grievance records. (#19-2) It is undisputed that Mr. Chapple failed to raise any of the constitutional violations alleged in this lawsuit in the grievances that he submitted.[1]

In his response to the Defendants' motion, Mr. Chapple argues that the grievance procedure at the Detention Center is insufficiently accessible. He states that inmates must use a kiosk to submit their grievances and that inmates are not afforded any privacy while they submit their grievances. Unfortunately, Mr. Chapple's beliefs regarding the inadequacy of the Detention Center's grievance procedure are insufficient to excuse him from exhausting his constitutional claims.

Mr. Chapple has not come forward with any evidence to show that he did exhaust his administrative remedies regarding the claims he raises in this lawsuit. Under settled law, Mr. Chapple was required to grieve his claims and to fully exhaust those grievances before filing suit, and he did not do so.

---

[1] In one of his grievances, Mr. Chapple complains that another inmate had made noise at night while he is trying to sleep. (#19-2 at p.20) He did not complain, however, that he has been kept awake at night due to overcrowding, as he alleged in this lawsuit.

### III.    Conclusion

The Court recommends that the Defendants' motion for summary judgment (#16) be GRANTED. Mr. Chapple's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED, this 30th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE